J-S42032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RONALD JASON BASCO | |
| Appellant | No. 1669 WDA 2015 |

Appeal from the PCRA Order September 28, 2015
in the Court of Common Pleas of Crawford County Criminal Division
at No(s): CP-20-CR-0000579-2009

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 10, 2016**

Appellant, Ronald Jason Basco, appeals from the order entered in the Crawford County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant argues that he was denied the effective assistance of trial and appellate counsel. We affirm.

We adopt the facts and procedural history set forth by the PCRA court's well-reasoned opinion. *See* PCRA Ct. Op., 9/3/15, at 1-3. Following a jury trial, Appellant was convicted of criminal trespass[2] and defiant trespass.[3] The trial court sentenced him to a term of sixteen to eighty-four

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3503(a)(1)(i).

[3] 18 Pa.C.S. § 3503(b).

months incarceration, with 271 days credit for presentence incarceration. Appellant filed a timely direct appeal. This Court affirmed on June 9, 2011, and Appellant's judgment of sentence became final thirty days later. *See Commonwealth v. Basco*, No. 1607 WDA 2010 (unpublished memorandum) (Pa. Super. filed June 9, 2011).

Appellant filed the instant PCRA petition on May 11, 2015. After the PCRA court conducted argument, the court filed a memorandum opinion and order on September 3, 2015, denying Appellant's bid for an evidentiary hearing and notifying Appellant, pursuant to Pa.R.Crim.P. 907(a), of the intent to dismiss his PCRA petition. Appellant did not respond and the PCRA court dismissed his petition on September 28, 2015.

Appellant appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) decision on January 7, 2016, which incorporated the analysis set forth in the court's September 3, 2015 opinion.

Appellant raises the following issue for review:

> Whether the [PCRA] Court erred in denying Ronald J.
> Basco's [] Amended Petition for Post-Conviction Collateral
> Relief [] without the benefit of an evidentiary hearing due
> to a lack of jurisdiction?

Appellant's Brief at 3.

Appellant argues that the PCRA court erred by failing to conduct an evidentiary hearing regarding his contention that his appellate counsel effectively abandoned him by failing to file a PCRA petition on his behalf.

Specifically, Appellant avers he was unaware of appellate counsel's failure to file a PCRA petition and therefore that failure constituted an "unknown fact" sufficient to evoke an exception to the PCRA time-bar. In support, Appellant relies on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (holding that prior counsel's abandonment may constitute an "unknown fact" establishing an exception to the PCRA time-bar). To this end, Appellant contends that he properly exercised due diligence when he requested that his appellate counsel file a PCRA petition on his behalf. Appellant emphasizes that the standard of due diligence required to discover "unknown facts" under the PCRA time-bar exceptions is subjective and subject to a "reasonableness analysis." *Commonwealth v. Burton*, 121 A.3d 1063, 1071-72 (Pa. Super. 2015), *appeal granted,* 134 A.3d 446 (Pa. 2016).

We begin by noting out standard of review:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. . . . [T]his Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

As a prefatory matter, we must first determine whether we have jurisdiction over the instant PCRA petition. If the PCRA petition is untimely,

- 3 -

then there is no subject matter jurisdiction over the case. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008). As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See, e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (some citations and parallel citations omitted).

A timely PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted). The PCRA enumerates three exceptions to this time limitation:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Significantly for the instant matter, claims of ineffective counsel do not satisfy the exception to the PCRA time-bar. In **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000), our Supreme Court explained that,

> Appellant's attempt to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction is unconvincing. Although Appellant formulates his assertions here in terms of the discovery of new facts not previously known to him, it is readily apparent that Appellant's argument, at its essence, is a claim for ineffective assistance of PCRA counsel layered on top of trial counsel's ineffectiveness. This Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. **See Commonwealth v. Lark**, 746 A.2d 585, 589-90 ([Pa.] 2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to jurisdictional time bar); [**Commonwealth v.**] **Fahy**, 737 A.2d [214, 223 (Pa. 1999) ] (citing [**Commonwealth v.**] **Peterkin,** [722 A.2d 638 (Pa. 1998)] and "reiterat[ing] that a claim for ineffectiveness of counsel does not save an otherwise untimely petition for review on the merits"). . . .

**Id.**, 753 A.2d at 785 (parallel citation omitted).

- 5 -

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony J. Vardaro, we conclude Appellant's issue merits no relief. The PCRA court's opinion comprehensively discusses and properly disposes of the question presented. *See* PCRA Ct. Op. at 3-4 (finding (1) Appellant did not exercise due diligence, as required pursuant to *Bennett*, when he was informed by the court that no PCRA petition had been filed on his behalf and he took no action for over two years and (2) the PCRA court lacked jurisdiction to considered the merits of Appellant's appeal where his PCRA petition was patently untimely under 42 Pa.C.S. § 9545(b)(1)(i)-(iii), and no exception to the time-bar was established). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2016

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA

### Criminal Division

COMMONWEALTH

Vs.

RONALD J. BASCO

:
:
: No.    CR 579-2009
:
:

**Andrew J. Natalo, Esq., A.D.A., for Commonwealth**
**Joseph J. Ferguson, Esq. for Defendant**

### MEMORANDUM AND ORDER

**Anthony J. Vardaro, P.J.**                                                    **September 2, 2015**

The Defendant was charged with Criminal Trespass (18 Pa.C.S.A.§3503(a)(1)(ii)) as a felony of the second degree and Criminal Mischief (18 Pa.C.S.A.§3304(a)(3)) as a summary offense in a criminal information filed on August 27, 2009.

The Defendant chose to have a jury trial and after all the evidence had been presented at a charging conference, his attorney requested that the Court also instruct the jury on crimes of Criminal Trespass (18 Pa.C.S.A.§3503(a)(1)(i) as a felony of the third degree and Defiant Trespasser (18 Pa.C.S.A.§3503(b)(1)(i)) as a misdemeanor of the third degree.  We agreed and did so.

The jury returned a verdict of not guilty to the Criminal Trespass as a felony of the second degree but guilty of Criminal Trespass as a felony of the third degree and Defiant Trespasser as a misdemeanor of the third degree.  After the jury returned its verdict we found the Defendant not guilty of Criminal Mischief as a summary offense.

On April 16, 2010 this Court imposed a sentence for the felony of the third degree Criminal Trespass only with the Defendant sentenced to incarceration in the state system for a minimum term of 16 months and a maximum term of 84 months with 271 days credit for presentence incarceration.

While he was still represented by trial counsel the Defendant, on May 13, 2010, filed a timely "Notice of Appeal" which also included allegations of ineffective assistance of counsel.

While the "Certificate of Service" attached to that "Notice of Appeal" dated May 13, 2010 indicated the Court Administrator and District Attorney's office had been served with notice of the appeal, there was no indication the Court had been served nor that the Defendant's attorney of record had been served.

On June 30, 2010 the Defendant's trial counsel filed a "Motion to Withdraw Due to Claim of Ineffectiveness" in which he requested to withdraw his appearance on behalf of the Defendant because the Defendant had made allegations of ineffective assistance of counsel in the "Notice of Appeal" as indicated and in a "Motion for Evidentiary Hearing" filed on May 6, 2010.

To address the pending issues, on July 2, 2010 we authored a Memorandum and entered an Order.

Specifically, in the Memorandum we noted that while the Defendant's self-represented "Notice of Appeal" had been timely filed because he was represented by counsel the Clerk of Courts simply notified the Defendant that a copy had been forwarded to his attorney and the original was placed in the docket. No action had been taken to process the Defendant's "Notice of Appeal".

We concluded that the Defendant's court appointed trial counsel should be permitted to withdraw his appearance in light of the allegations of ineffective assistance of counsel.

We further discussed the fact that consistent with *Com. v. Grant*, 572 Pa.48, 813 A.2d 726, 738 (2002) claims of ineffective assistance of counsel are properly raised for the first time in a PCRA petition rather than on direct appeal. Also we noted that in *Com. v. Leslie*, 757 A.2d 984 (Pa.Super.2000) the court had held that a trial court lacks jurisdiction to proceed on a PCRA petition during dependency of a direct appeal.

Based on all of that, we indicated that the Defendant could either now pursue a PCRA petition or continue with his direct appeal in which case any claims he had for ineffective assistance of counsel would be preserved if his direct appeal was not successful and he filed for PCRA relief in a timely manner after the direct appeal process.

On October 11, 2010 we entered an order based on a short letter that the Defendant had sent to the Clerk of Courts, apparently in response to this Court's Memorandum and Order of July 2, 2010.

In that letter the Defendant essentially asked to be permitted to proceed *in forma pauperis* and for the court to appoint counsel to pursue the Defendant's direct appeal.

In our October 11, 2010 order, in light of the fact the Defendant was incarcerated we permitted him to proceed *in forma pauperis* and we directed the Clerk of Courts to process his direct appeal which had been filed on May 13, 2010.

Finally, we appointed new counsel to represent him on his direct appeal.

Court appointed counsel did so and ultimately, on June 9, 2011, the Superior Court of Pennsylvania affirmed the judgment of sentence.

The Defendant pursued no further direct appeal rights nor does he suggest that he wanted his then court appointed attorney to do so.

Instead, on May 13, 2015 he filed a self-represented PCRA petition and after we determined he could proceed *in forma pauperis* we appointed counsel to represent him. Counsel has now filed an "Amended Post-Conviction Relief Act Petition".

The issues raised by the Defendant are that he was not agreeable to his attorney requesting the Court to include the lesser included offense of Criminal Trespass as a felony of the third degree in the jury instructions and thus, his trial counsel was ineffective and that the attorney who had been appointed to pursue his direct appeal had been advised that the Defendant wished to file a PCRA petition to raise ineffective assistance of counsel regarding his trial counsel prior to the filing of his direct appeal and through correspondence on more than one occasion after the Superior Court affirmed the Defendant's judgment of sentence.

We have now conducted oral argument with counsel in an effort to determine whether an evidentiary hearing should be scheduled in this matter.

Having done so, we first address the timeliness issue with regard to the filing of the Defendant's PCRA petition.

The provisions of 42 Pa.C.S.A.§9545(b)(1) require that a PCRA petition be filed within one year of when the judgment of sentence becomes final or in this case, July 9, 2012.

Obviously, the Defendant's PCRA petition filed on May 11, 2015 was not within that one year period.

Thus, in order to be timely the Defendant must invoke one of the three exceptions set forth in 42 Pa.C.S.A.§9545(b)(1).

Specifically, 42 Pa.C.S.A.§9545(b)(1)(ii) states:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.

Here the Defendant relies on the Supreme Court of Pennsylvania case of *Com. v. Bennett*, 930 A.2d 1264 (Pa.2007) which held that exception could be invoked when a Defendant had been effectively abandoned by his attorney on appeal.

However, we find that the holding in *Bennett*, supra is not of benefit to the Defendant's position in this case.

3

Specifically in the *Bennett* case the Defendant had filed an appeal from the dismissal of his request for PCRA relief and that appeal was dismissed without prejudice because his attorney had failed to file a brief.

Essentially, the court concluded that the incarcerated Defendant who did not have access to public records could not have known that his appeal was dismissed even upon exercising due diligence such that he could have been able to file a subsequent PCRA petition within the required one year.

Here, the Defendant was aware that his direct appeal had been denied and that he could pursue his request for ineffective assistance of counsel through the filing of a PCRA petition. Further, his court appointed counsel had only been appointed to represent him on direct appeal as our order of October 11, 2010 indicated.

It is very clear that the Defendant should have concluded that his court appointed counsel for the direct appeal was not filing a PCRA petition and by not doing so himself the one year time limit to do so himself expired. He clearly did not exercise due diligence in waiting until May 11, 2015 to fine a PCRA petition.

This conclusion is further supported by the fact, as indicated in the Defendant's "Amended Post Conviction Relief Act Petition" he filed a "Motion to Transcribe Trial by Jury and Transcribe Sentencing Hearing" December 5, 2012 and a "Motion to Proceed *In Forma Pauperis*" on December 7, 2012.

In response to the "Motion to Transcribe Trial by Jury and Transcribe Sentencing Hearing", this Court, on December 13, 2012, entered an order denying that request and specifically indicating that it was without prejudice to the Defendant to make the request to have court appointed counsel do so if he filed a PCRA petition as he indicated he intended to in that "Motion to Transcribe Trial by Jury and Transcribe Sentencing Hearing".

Further, on December 20, 2012, we entered an order in response to the Defendant's "Motion to Proceed *In Forma Pauperis*" in which we denied his request, again indicating if he filed a PCRA petition he could renew that request.

Again, in his "Motion to Proceed *In Forma Pauperis*" the Defendant indicated that he intended to file a PCRA.

Thus, even if we concluded the Defendant did not realize until December of 2012 that no PCRA had been filed on his behalf by his direct appeal counsel (which is not the conclusion we actually reach) pursuant to 42 Pa.C.S.A. §9545(b)(2) he had sixty days to file a PCRA petition and clearly he missed that deadline by over two years.

Since we find that the Defendant's PCRA petition was not filed in a timely manner we have no jurisdiction in this case. (See *Com. v. Wrecks*, 931 A.2d 717, 720 (Pa.Super.2007))

**ACCORDINGLY, we will enter the following Order:**

4

<u>**ORDER**</u>

Anthony J. Vardaro, P.J.                                                    September 2, 2015

       **AND NOW, September 2, 2015,** for the reasons set forth in the attached Memorandum, we are satisfied that there are no genuine issue concerning any material fact and that the Defendant is not entitled to PCRA relief. Therefore, no purpose would be served by any further proceedings and consistent with Pa.R.Crim.P. 907(1) we advise the parties that we intend to dismiss the petition for the reasons set forth in the attached Memorandum.

       The Defendant may respond to the proposed dismissal within twenty (20) days of the date of this notice and thereafter the petition will be dismissed, the court will grant leave to file an amended petition, or direct that the proceedings continue.

       The Clerk of Courts shall provide a copy of this Order and the attached Memorandum to the Defendant at the State Correctional Institution at which he is currently lodged by certified mail, return receipt requested.

                                 **BY THE COURT,**

                                   _____

                             ,P.J.

Andrew J. Natalo, Esq., for Commonwealth
Joseph J. Ferguson, Esq., for Defendant
Defendant

5